STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DIOMEDES MANTIS, PLAINTIFF IN ERROR.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the plaintiff in error, *Richard Doherty.*

For the state, *Joseph L. Smith,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted upon two indictments tried in the Essex Quarter Sessions. The first contained a count charging him and four others with assault and battery on one Jacobowitz and robbing him of his property. The other indictment charged the same defendants with assault and battery and robbery upon the person of one William Webber. The indictments were tried together by consent of the parties. The proofs on the part of the state showed that on the 25th day of March, 1929, a robbery of the safe in the Grant lunch room at Newark and of the people at that time present on the premises was committed by four men. The proprietor

of the lunch room was Jacobowitz. One of the four men, as the state attempted to prove, was the defendant Mantis. The evidence submitted by the state was convincing as to the commission of the robbery, the holding up of the employes with guns by the robbers, and also the holding up of customers in the restaurant, one of whom was Webber, the tying up of all the parties who were first searched and what money they had taken from them, and also the stealing of the money from the cabinet in the lunch room where it was kept by the proprietor.

The first ground upon which we are asked to reverse the conviction is that there was no proof submitted by the state justifying the conclusion that Mantis had anything to do with the robbery and that therefore it was error to refuse a request submitted on his behalf to direct a verdict in his favor. Our examination of the evidence leads us to the conclusion that this contention is without substance. The evidence submitted showed that Mantis was one of a party of four that came into the restaurant together. That some of the members of this party held up the occupants of the restaurant while others committed the robbery is not denied. Whether or not all of these four men who came in together participated in the robbery was, under the proofs submitted, a question for the jury. This being so, the refusal to direct a verdict of acquittal in favor of Mantis was fully justified.

The next contention is that the instruction of the court defining reasonable doubt in charging the jury was misleading and injurious. Our examination of the charge satisfies us that it was a correct statement of the law bearing upon this subject.

Next it is contended that it was error on the part of the court to refuse to define the crimes of robbery, assault and battery, and entering with intent to rob; and also in refusing to define a principal in the second degree, aiding and abetting. The answer to this contention is that there was no such refusal but merely a failure to define these several crimes and the characteristics of a principal in the second degree, aiding and abetting. Such failure, however, does not consti-

tute legal error. It is only where instructions are requested and not complied with that error exists.

It is further argued that there was injurious error in the court's refusal to charge certain requests submitted, stating the rule as to the burden upon the state to prove guilt, and also the rule of reasonable doubt in relation to a defense of alibi, that defense being submitted by the plaintiff in error. It appears from an examination of the state of the case that these requests were not submitted until after the jury had been charged and had retired. The court was under no legal obligation to recall the jury for the purpose of charging these requests. In other words, requests not submitted before the charge is begun, or immediately after it has been concluded, may properly be disregarded by the court.

Other grounds of reversal are argued in the brief of counsel for the plaintiff in error, but they are so palpably without merit as not to be worthy of discussion by this court.

The conviction under review will be affirmed.